J-S48008-24

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
|---|---|---|
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| | : | |
| TYREK D. SCALE | : | |
| | : | |
| Appellant | : | No. 1113 EDA 2024 |

Appeal from the PCRA Order Entered March 27, 2024
In the Court of Common Pleas of Philadelphia County
Criminal Division at No: CP-51-CR-0001230-2013

BEFORE:  STABILE, J., NICHOLS, J., and BENDER, P.J.E.

MEMORANDUM BY STABILE, J.:                    **FILED MAY 19, 2025**

Appellant, Tyrek D. Scale, appeals from the order entered on March 27, 2024, in the Court of Common Pleas of Philadelphia dismissing as untimely Appellant's petition filed under the Post Conviction Relief Act (PCRA), 42 Pa.C.S.A. §§ 9541-9546.  Upon review, we affirm.

We previously summarized the factual and procedural background as follows:

> Appellant, along with his co-conspirator, Deshawn Newman, was convicted of first-degree murder, conspiracy, and other crimes in relation to the shooting death of Wali Patrick.  Relevant to the issues stated by Appellant in this appeal, witnesses at trial included John Curry, Pamela Hayward, and Khiry Hayward.  The Haywards, relatives of the decedent, indicated that the decedent had been in a fight with someone named Fees earlier in the day on the date of the murder.  Mr. Curry saw Appellant and Newman get out of a white Suzuki with a handicap license plate and walk towards the decedent's home, heard four gunshots, and saw Appellant and Newman return to the car, which sped away.  Mr. Curry called 911, the police located the Suzuki, and a high-speed

chase ensued, concluding when the Suzuki crashed, and Appellant exited the vehicle and fled on foot after dropping what appeared to be a firearm. Mr. Curry also went to the scene of the crash and identified Appellant, Newman, and the Suzuki. DNA evidence obtained from the steering wheel of the Suzuki matched Appellant's DNA. Ballistic evidence showed that the two firearms recovered from the scene were involved in the shooting of the decedent.

**Commonwealth v. Scale**, 2019 WL 2437945, at *1 (Pa. Super. filed June 11, 2019) (unpublished memorandum).

Following his convictions, Appellant was sentenced to life imprisonment without the possibility of parole, this Court affirmed the judgment of sentence on direct appeal, and [, on January 31, 2017,] our Supreme Court declined discretionary review. **Commonwealth v. Scale**, 156 A.3d 353 (Pa. Super. 2016) (unpublished memorandum), *appeal denied*, 165 A.3d 902 (Pa. 2017).

**Id.**

On October 17, 2017, Appellant filed his first PCRA petition, which the PCRA court dismissed on March 29, 2018. We affirmed the order of dismissal on June 11, 2019. **Id.** at *3.

On August 9, 2022, Appellant filed the underlying PCRA petition, which he supplemented twice. After appointing counsel, the PCRA court held an evidentiary hearing on Appellant's petition, and it was dismissed on March 27, 2024. Appellant timely appealed, and he now argues that the PCRA erred in not finding that his petition meets the newly-discovered facts exception based

on the discovery of an eyewitness who would testify that Appellant was not the shooter. **See** Appellant's Brief at 8.[1]

On appellate review of a PCRA petition, we are held to the following standard:

> "Our review of a PCRA court's decision is limited to examining whether the PCRA court's findings of fact are supported by the record, and whether its conclusions of law are free from legal error." **Commonwealth v. Hanible**, [ ] 30 A.3d 426, 438 ( [Pa.] 2011) (citing **Commonwealth v. Colavita**, [ ] 993 A.2d 874, 886 ([Pa.] 2010)). We view the findings of the PCRA court and the evidence of record in [the] light most favorable to the prevailing party. **Id.** .... "The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions." **Commonwealth v. Roney**, [ ] 79 A.3d 595, 603 ([Pa.] 2013).

**Commonwealth v. Mason**, 130 A.3d 601, 617 (Pa. 2015).

_____

[1] In his brief, Appellant list two questions for our review. **See** Appellant's Brief at 8. However, Appellant abandoned his first claim, *see* Appellant's Brief at 20, leaving only a single issue:

> DID THE COURT ERR WHERE IT DISMISSED THE PETITIONER'S PCRA CLAIM MADE THROUGH THE CREDIBLE TESTIMONY OF DANTE BELTON THAT SOMEONE OTHER THAN THE PETITION COMMITTED THE MURDER?

**Id.** at 8.

Under the PCRA, any petition for post-conviction relief, including a second or subsequent one, must be filed within one year of the date the judgment of sentence became final, unless one of the following exceptions set forth in 42 Pa.C.S.A. § 9545(b)(1)(i)-(iii) applies:

(b) Time for filing petition.--

(1) Any petition under this subchapter, including a second or subsequent petition, shall be filed within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:

(i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

(ii) the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

(iii) the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S.A. § 9545(b)(1)(i)-(iii). Additionally, section 9545(b)(2) requires that any petition invoking one of these exceptions must "be filed within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2).

It is undisputed that the underlying PCRA petition is facially untimely.[2] We must, therefore, address whether Appellant satisfied an exception to the PCRA's time-bar. Regarding the newly-discovered fact exception, this Court has explained that it:

> requires a petitioner to demonstrate he did not know the facts upon which he based his petition and could not have learned those facts earlier by the exercise of due diligence. . . . Additionally, the focus of this exception is on the newly discovered facts, not on a newly discovered or newly willing source for previously known facts.
>
> . . . [A]s an initial jurisdictional threshold, Section 9545(b)(1)(ii) requires a petitioner to allege and prove that there were facts unknown to him and that he exercised due diligence in discovering those facts. **See** 42 Pa.C.S.A. § 9545(b)(1)(ii). . . . [T]he "new facts" exception at Section 9545(b)(1)(ii) does not require any merits analysis of an underlying after-discovered-evidence claim.

***Commonwealth v. Brown***, ***G. L.***, 111 A.3d 171, 176 (Pa. Super. 2015) (some citations omitted).

Here, the alleged newly-discovered fact is based on the affidavit/testimony of Dante Belton. Appellant claims that in April 2023, Belton told him that he witnessed two men commit the murder for which Appellant was convicted. Belton later testified that he and Appellant had known each other from their neighborhood since childhood. **See** N.T. PCRA

_____

[2] Appellant's sentence became final on May 1, 2017, 90 days after his petition for allowance of appeal to our Supreme Court was denied. Appellant, therefore, had one year from that date, or until May 1, 2018, to file a timely PCRA petition. The underlying petition, which was filed on August 9, 2022, is, therefore, facially untimely.

Hearing, 3/26/24, at 7-8. In 2012, he watched an individual known as "Fees," or "Hyfez," and another unknown individual approach the victim and shoot him.[3] *Id*. at 11. He claimed that he did not provide this information to anyone at the time because he did not want to get involved, had an active warrant and believed another witness would come forward. *Id.* at 13-14, 36.

In 2019, Belton was serving a sentence at State Correctional Institute (SCI) Forest, where Appellant was also serving his sentence. *Id.* at 8-9, 32. In April 2023, Belton and Appellant resided on the same block, and Belton asked Appellant what he was serving time for. *Id.* at 9, 32. Appellant responded that he was imprisoned for Wali Patrick's murder, which he did not commit. *Id.* at 9-10. Belton recognized the victim's name as the person he saw being murdered in 2012, and he later told Appellant that he had observed two other men committing that crime. *Id.* at 14-15.

Belton expressed a willingness to testify, and he drafted an affidavit, which he signed on May 15, 2023. "Belton claimed he and [Appellant] only talked about the case twice before signing the affidavit. Belton wrote the affidavit himself. He showed it to [Appellant] after he wrote it, but [Appellant] made no suggestions or changes to it." PCRA Court Opinion, 6/4/24, at 4-5.

---

[3] On cross-examination, Belton testified that he had not seen Fees or Appellant since 2009. N.T. PCRA Hearing, 3/26/24, at 31-32.

The PCRA court found Belton's testimony regarding when he informed Appellant of the information to be incredible:

[The PCRA court] rejected Belton's claim that he did not share the information with [Appellant] before 2023 and that he did not know that [Appellant] was arrested and convicted until he saw him in custody at SCI Forest in April 2023.

[Belton] claimed that he did not know about [Appellant's] charges before 2023 and decided to come forward only after seeing him in prison eleven years later. Belton was inconsistent and imprecise with his recollection of the events between the shooting and the time he saw [Appellant] in prison. He was certain that he had not seen [Appellant] since 2009[,] but could not recall the month or date when he last saw [Appellant] nor anything exceptional about that year to verify the time. When asked how he knew it was 2009, he stated, "I just know." He claimed that he did not come forward sooner because of [an] outstanding bench warrant, but struggled to recall when he was actually arrested and for which crimes.

PCRA Court Opinion, 6/4/24, at 9. Because Appellant failed to carry his burden of proving when he first learned of the new witness's exculpatory account, the PCRA court found Appellant's petition to be untimely. We agree.

To properly invoke the newly-discovered facts exception, Appellant was statutorily required to file his petition "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Appellant also had the burden of proving that his petition fit one of the exceptions to the PCRA time-bar. 42 Pa.C.S.A. § 9545(b)(1). **See**, **e.g.**, **Commonwealth v. Marshall**, 947 A.2d 714, 719-20 (Pa. 2008). Finally, we note that a PCRA court "passes on witness credibility at PCRA hearings, and its credibility

determinations should be provided great deference by reviewing courts."

***Commonwealth v. Johnson***, 966 A.2d 523, 540 (Pa. 2009).

The PCRA court found Belton's testimony incredible, and we accord this finding great deference. ***Id.*** Since the court chose not to believe Belton's claims, Appellant failed to file his claim of newly-discovered evidence "within one year of the date the claim could have been presented." 42 Pa.C.S.A. § 9545(b)(2). Thus, the PCRA court properly determined that Appellant's petition is time-barred.

Order affirmed.

Judgment Entered.

*Benjamin D. Kohler*

Benjamin D. Kohler, Esq.
Prothonotary

Date: 5/19/2025